UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 12-07543-MWF (MANx)**   Date: **August 20, 2013**

Title:   Securities and Exchange Commission -*v*- China Sky One Medical, Inc., and Yan-Qing Liu

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                            None Present

PROCEEDINGS (IN CHAMBERS):  ORDER GRANTING MOTION FOR SERVICE OF PROCESS ON DEFENDANTS BY PUBLICATION AND BY ELECTRONIC MAIL [4]

  This matter is before the Court on the Motion for Order Authorizing Service of Process on Defendants by Publication and by Electronic Mail (the "Motion") filed by Plaintiff Securities and Exchange Commission ("SEC"). (Docket No. 4). The Court has read and considered the papers filed on this Motion, and held a hearing on August 19, 2013. For the reasons stated below, the Motion is GRANTED.

  On September 4, 2012, Plaintiff SEC filed a Complaint initiating this action. (Docket No. 1). On June 27, 2013, the Court issued an Order to Show Cause regarding dismissal for lack of prosecution because no proof of service of summons and complaint had been filed in this matter. (Docket No. 3). On July 15, 2013, the SEC filed this Motion. Defendants China Sky One Medical, Inc. ("CSKI") and Yan-Qing Liu of course have not filed an opposition brief.

  The evidentiary support for the Motion is contained in the Declaration of David J. Van Havermaat ("Van Havermaat Decl.") and its attached exhibits. (Docket No. 4-2). The Motion is based on the following facts:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 12-07543-MWF (MANx)**          Date:  **August 20, 2013**

Title:      Securities and Exchange Commission -v- China Sky One Medical, Inc., and Yan-Qing Liu

---

Both CSKI and Liu are located in China.  (*Id.* at ¶ 3.).  The SEC attempted to serve CSKI and Liu, in compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Convention"), *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.  (*Id.* at ¶ 4.).  The SEC delivered copies of the summons and complaint in English and Mandarin to the central authority for service of process in China ("Chinese Central Authority") on or about October 14, 2012.  (*Id.*).  At that time, the SEC was informed that it could take six months or longer to effect successful service.  (*Id.*).  As of the date of filing of this Motion, the Chinese Central Authority has not informed the SEC of the status of attempted service on CSKI and Liu.  (*Id.* at ¶ 5).  The SEC also described two articles published in the Chinese media that indicate that CSKI and Liu are aware of this action.  (*Id.* at ¶ 8.).

The SEC thus seeks authorization to serve defendants (1) by publishing notice about the pendency of this action in the *International Herald Tribune*, once a week for four consecutive weeks, and (2) by sending e-mails, attaching English and Mandarin translations of the summons and complaint, to the last-known e-mail addresses used by CSKI and Liu to communicate with the NASDAQ Stock Market, as well as another e-mail address that appears to have been used by CSKI.  (Mot. at 6-7).

The Hague Convention is a multilateral treaty that provides a mechanism to serve process between the residents of signatory countries.  "[C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies."  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 S.Ct. 2104, 2111, 100 L.Ed. 2d 722 (1988).  The Hague Convention applies in this case because the SEC seeks to transmit "public documents" from "one Contracting State," the United States of America, to "another Contracting State," China.  Hague Convention, art. 1, 20 U.S.T. at 362.

According to the terms of the Hague Convention:

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-07543-MWF (MANx)**                                   Date:   **August 20, 2013**

Title:         Securities and Exchange Commission -*v*- China Sky One Medical, Inc., and Yan-Qing Liu

---

"The primary means by which service is accomplished under the Convention is through a receiving country's 'Central Authority.' The Convention affirmatively requires each member country to designate a Central Authority to receive documents from another member country. . . . The receiving country can impose certain requirements with respect to those documents (for example, that they be translated into the language of that country). . . . If the documents comply with applicable requirements, the Convention affirmatively requires the Central Authority to effect service in its country.

*Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (internal citations omitted).

Based on the facts set forth in the Motion, the Declaration of David J. Van Havermaat, and Exhibit 1 (containing copies of the documents delivered to the Chinese Central Authority), the SEC has substantially complied with the requirements of the Hague Convention by delivering copies of the necessary documents to the Chinese Central Authority.

Rule (h)(2) of the Federal Rules of Civil Procedure authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals. *See* Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides alternative means for serving an individual located outside of the United States. *See id.* at 4(f). Under Rule 4(f)(3), a plaintiff may serve a foreign individual "by other means not prohibited by international agreement, as the court orders." *Id.* The Rule imposes no other limitations on the court's authority to authorize alternative means of service. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("[S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text."). The district court exercises discretion in "determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Id.* at 1016.

Service by publication is not prohibited by the Hague Convention. *See Intercontinental Indus. Corp. v. Luo*, 2011 WL 221880, at *2 (C.D. Cal. Jan. 20,

---

**CIVIL MINUTES—GENERAL**                                                                                           3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-07543-MWF (MANx)**                    Date:  **August 20, 2013**

Title:        Securities and Exchange Commission -v- China Sky One Medical, Inc., and Yan-Qing Liu

---

2011) ("[T]he Hague Convention does not prohibit service by publication in China.").

There is some question as to whether service by e-mail is considered the equivalent of service by postal channels. China has explicitly objected to the means of service specified in Article 10, which permits service by "postal channels" or through judicial officers, officials, or other persons in the destination country. "Courts have interpreted this to mean that '[s]ervice therefore cannot be effected by postal channels' in China." *Intercontinental Indus.*, 2011 WL 221880, at *2 (internal citation omitted).

While there is some disagreement on this issue, numerous courts have held that service by e-mail does not violate the Hague Convention, even when the destination country has objected to service through postal channels under Article 10. *See Williams-Sonoma, Inc. v. Friendfinder, Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (authorizing service by e-mail, but not by international mail, for defendants in countries that objected to the means of service in Article 10); *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) ("Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]."); *F.T.C. v. Pecon Software Ltd.*, 2013 WL 4016272, at *3 (S.D.N.Y. Aug. 7, 2013) (finding that service by e-mail is "not among the means listed in Article 10," and thus, not prohibited by the Hague Convention, even where the destination country has objected to those means of service listed in Article 10). *But see Agha v. Jacobs*, 2008 WL 2051061, at *1-2 (N.D. Cal. May 13, 2008) (finding that service by e-mail and fax indistinguishable from service by "postal channels" and denying motion to serve German defendants by e-mail or fax based on Germany's objection to Article 10 of the Hague Convention).

The Court has reviewed these non-binding cases and considered their reasoning. The better argument is that e-mail is sufficiently distinct from postal channels that the two should not be equated under the Hague Convention.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-07543-MWF (MANx)**            Date:  **August 20, 2013**

Title:      Securities and Exchange Commission -*v*- China Sky One Medical, Inc., and Yan-Qing Liu

Therefore, China's objection to the means of service specified in Article 10 does not prevent service by e-mail.

In the Motion, the SEC also argues that "[it] is not aware of any international agreements with China that prohibit service by publication or electronic mail." (Mot. at 4 n. 2).  *See also Intercontinental Indus.*, 2011 WL 221880, at *2 (stating that the Court is not aware of any other international agreement prohibiting service by publication of defendants in China).  Therefore, service by publication and service by e-mail on CSKI and Liu are not prohibited by international agreement.

Although plaintiffs are not required to attempt service by other methods before resorting to Rule 4(f)(3), they must "demonstrate that the facts and circumstances of the present case necessitat[e] the district court's intervention." *Rio Props.*, 284 F.3d at 1015-16.  In this case, the SEC has attempted service through the Hague Convention for nine months without success.  The Advisory Committee Notes to the 1993 Amendment of Rule 4 contemplate resorting to Rule 4(f)(3) under this precise scenario.  The Notes state:

> The Hague Convention does not specify a time within which a foreign country's Central Authority must effect service, but Article 15 does provide that alternate methods may be used if a Central Authority does not respond within six months. Generally, a Central Authority can be expected to respond much more quickly than that limit might permit, but there have been occasions when the signatory state was dilatory or refused to cooperate for substantive reasons. In such cases, resort may be had to the provision set forth in subdivision (f)(3).

Fed. R. Civ. P. 4 advisory committee's notes; *see also Morningstar v. Dejun*, 2013 WL 502474, at *1-2 (C.D. Cal. Feb. 8, 2013) (granting alternative service on defendants residing in China, where plaintiffs "attempted to serve the [f]oreign [d]efendants through the Hague Convention for over a year, with no success"); *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 433 (S.D.N.Y. 2009) ("Court-directed service is particularly appropriate where a signatory to the Hague Service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-07543-MWF (MANx)**               Date:  **August 20, 2013**

Title:        Securities and Exchange Commission -*v*- China Sky One Medical, Inc., and Yan-Qing Liu

---

Convention has refused to cooperate for substantive reasons."). It also appears that the SEC cannot utilize other conventional methods of service, such as service by registered mail, overnight delivery, or process server. (Mot. at 3). *See also Intercontinental Indus.*, 2011 WL 221880, at *2-3 (concluding that service by private courier "should be treated as postal channels under the Hague convention," and thus, prohibited for countries that objected to Article 10 of the Hague convention). The Court finds that these circumstances warrant alternative service in this case.

In addition to complying with Rule 4(f)(3), any alternative "method of service of process must also comport with constitutional notions of due process," which require that the method "be 'reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L. Ed. 865 (1950)). The touchstone of reasonableness is whether the chosen method "is in itself reasonably certain to inform those affected." *Mullane*, 339 U.S. at 315.

Service by publication in the *International Herald Tribune*, "an English-language newspaper of general circulation throughout the world" (Mot. at 6), is generally not ideal, but it meets due process under these particular circumstances. While the SEC has the mailing addresses for CSKI and Liu, it has not been able to successfully serve the defendants through the Chinese Central Authority. As noted above, it also cannot otherwise serve the defendants by mail, overnight delivery, or process server. The SEC has further researched the possibility of publishing notice in a local Mandarin Chinese-language newspaper in the region where CSKI and Liu reside. But the SEC argues that this would not be feasible because "Chinese newspapers, controlled by the Chinese government, normally do not accept requests to publish notices of pendencies of actions against Chinese defendants." (Mot. at 6 n. 3). The SEC also contacted the *Harbin Daily*, the local newspaper where the defendants live, but have not received a return call. (*See id.*).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-07543-MWF (MANx)**                    Date:  **August 20, 2013**

Title:        Securities and Exchange Commission -*v*- China Sky One Medical, Inc., and Yan-Qing Liu

---

Additionally, an important factor weighing strongly in favor that service by publication in the *International Herald Tribune* comports with due process is the fact that media articles indicate that both defendants are already aware of this matter.  (Van Havermaat Decl. at ¶ 8).  *See Agha*, 2008 WL 2051061, at *1 (finding that plaintiff made "a reasonable showing that service [by e-mail or facsimile] is fairly likely to give actual notice," especially where plaintiff "has shown defendants likely already have actual notice"); *S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987) (emphasis in original) (stating that the "'reasonably calculated' analysis need not be relied on exclusively" where defendants already have actual knowledge of an action because, in such a situation, the court is "not dealing with the question of the adequacy of *constructive notice*").

Given the lack of response from the Chinese Central Authority, the unavailability of more conventional forms of service, the impracticability of publishing notice in a local newspaper, and CSKI and Liu's actual knowledge of this matter, the Court finds that the proposed method of service by publication is reasonably calculated to apprise CSKI and Liu of the pendency of this action.

Likewise, service by e-mail is reasonably calculated to apprise the defendants of the pendency of this action.  Both CSKI and Liu have used their e-mail addresses to conduct business with the NASDAQ stock market.  (Van Havermaat Decl. at ¶ 7).  Because they are conducting important business at those e-mail addresses, it is reasonable to expect that they would receive legal notices sent to those e-mail addresses.  *See, e.g.*, *Williams-Sonoma*, 2007 WL 1140639, at *2 (finding that because the plaintiff "established that the e-mail accounts they have for defendants have been effective means of communicating with the defendants," sending notice to those e-mail addresses "would serve the purposes of ensuring the defendants receive adequate notice of this action and an opportunity to be heard"); *ADT Sec. Servs., Inc. v. Security One. Intern., Inc.*, 2012 WL 3580670, at *2 (C.D. Cal. Aug. 17, 2012) (finding that service by e-mail is reasonably calculated to provide actual notice where plaintiff demonstrated that e-mails sent to a particular e-mail address "have not been returned as

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 12-07543-MWF (MANx)**    Date:  **August 20, 2013**

Title:    Securities and Exchange Commission -*v*- China Sky One Medical, Inc., and Yan-Qing Liu

---

undeliverable"); *Pecon Software*, 2013 WL 4016272, at *5 ("Service by e-mail alone comports with due process where a plaintiff demonstrates that the e-mail is likely to reach the defendant.")

Additionally, to augment the likelihood that CSKI and Liu are apprised of the pendency of this action, the Court further orders SEC to effect service through CSKI's United States-based counsel. At the hearing held on August 19, 2013, counsel for the SEC stated that CSKI has been represented by counsel in the United States in other matters.

Because service on counsel in the United States does not required transmitting documents to China, the Hague Convention does not apply to this form of service. *See Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 564 (C.D. Cal. 2012) (citing *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F. Supp. 2d 1224, 1228 (C.D. Cal. 2008)) (because service on the defendant company's lawyer or registered agent does not require transmitting documents abroad, "that method of service need not conform to the requirements of the Hague Convention"). Nor does the Hague Convention prohibit service through United States-based counsel. *See Brown*, 285 F.R.D. at 565 ("The Hague Convention does not prohibit authorizing plaintiffs to serve the foreign individual defendants by serving them through China Integrated's . . . attorneys in the United States.").

Although the United States-based counsel is not yet representing CSKI in this matter and is not authorized to accept service for CSKI in this matter, these facts do not defeat service on such counsel. "Due process does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept service on their behalf." *Brown*, 285 F.R.D. at 566. Even if the counsel served is not actively involved in this litigation, their previous relationship with CSKI makes it reasonably calculated that service upon such counsel will give both CSKI and Liu notice of this action. *See id.* (finding that service upon defendant company's United States-based counsel and registered agent is also reasonably calculated to give notice to current officers of the company, who are named as individual defendants in the action).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 12-07543-MWF (MANx)**  Date:  **August 20, 2013**

Title:   Securities and Exchange Commission -*v*- China Sky One Medical, Inc., and Yan-Qing Liu

  Accordingly, the Court finds that, under the circumstances of this case, the proposed service by publication and e-mail, as well as service on CSKI's United States-based counsel, comport with due process.  However, the Chinese Central Authority has not ignored the SEC's request for service, and it was stated that it would be "six months or longer" until service was effected.  It is therefore appropriate that the SEC shall not use e-mail, publication, or CSKI's counsel for service until the Chinese Central Authority has had the documents for over one year.  Service by the alternative means of publication, transmittal by e-mail, and service on CSKI's United States-based counsel may begin to take place on or after October 15, 2013.

  IT IS SO ORDERED.