JS-6

FILED
CLERK, U.S. DISTRICT COURT
3/3/2015
CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

CHINA SKY ONE MEDICAL, INC., and YAN-QING LIU,

Defendants.

Case No. CV-12-7543-MWF (MANx)

**~~[PROPOSED]~~ FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS CHINA SKY ONE MEDICAL, INC. AND YAN-QING LIU**

Plaintiff Securities and Exchange Commission (the "SEC") filed a Motion for Entry of Final Judgment by Default Against Defendants China Sky One Medical, Inc. ("CSKI") and Yan-qing Liu ("Liu") (together, "Defendants") ("Motion for Final Judgment"), pursuant to Rule 55 of the Federal Rules of Civil Procedure. The Court, having considered the SEC's motion, the memorandum of points and authorities filed in support of the motion, the declarations, and all other documents filed in support of the motion, and all other evidence and argument presented regarding the motion, finds that:

**I.**

IT IS ORDERED that the SEC's Motion for Final Judgment is hereby GRANTED.

**II.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

///

///

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that CSKI and CSKI's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, & 240.13a-13, by filing any annual reports with the SEC on Forms10-K, quarterly reports with the SEC on Forms 10-Q, or current reports with the SEC on Forms 8-K that contain any untrue statement of material fact, omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, omit to disclose any information

required to be disclosed, or fail to comply in any material respect with the requirements of Section 13(a) of the Exchange Act and the Rules and regulations promulgated thereunder.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Liu and Liu's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, & 240.13a-13, by knowingly providing substantial assistance to an issuer that files annual reports with the SEC on Forms 10-K, quarterly reports with the SEC on Forms 10-Q, or current reports with the SEC on Forms 8-K that contain any untrue statement of material fact, omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, omit to disclose any information required to be disclosed, or fail to comply in any material respect with the requirements of Section 13(a) of the Exchange Act and the Rules and regulations promulgated thereunder.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that CSKI and CSKI's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by failing to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

///

///

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Liu and Liu's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78o, that fails to make or keep books, records or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that CSKI and CSKI's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

A. transactions are executed in accordance with management's general or specific authorization;

B. transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

C. access to assets is permitted only in accordance with management's general or specific authorization; and

D. the recorded accountability for assets is compared with the existing

assets at reasonable intervals and appropriate action is taken with respect to any differences.

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Liu and Liu's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violations of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or Section 15(d) of the Exchange Act, 15 U.S.C. § 78o, that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

A. transactions are executed in accordance with management's general or specific authorization;

B. transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

C. access to assets is permitted only in accordance with management's general or specific authorization; and

D. the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

**X.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Liu and Liu's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal

service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing or knowingly failing to implement a system of internal accounting controls required to be maintained by Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), or knowingly falsifying any book, record or account required to be kept by Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

**XI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Liu and Liu's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13b2-1 of the Exchange Act, 17 C.F.R. § 240.13b2-1, by, directly or indirectly, falsifying or causing to be falsified, any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. §78m(b)(2)(A).

**XII**.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Liu and Liu's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2, while an officer or director of an issuer by:

A. making or causing to be made a materially false or misleading statement; or

B. omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading; to an accountant in connection with:

1. any audit, review or examination of the financial statements of the

issuer required to be made, or

2. the preparation or filing of any document or report required to be filed with the SEC.

**XIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Liu and Liu's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13a-14, 17 C.F.R. § 240.13a-14, by signing any certification included with an issuer's periodic filings with the SEC, certifying that the filings fully comply with the requirements of the Exchange Act and fairly present, in all material respects, the financial condition and results of operation of the company, when, in fact, the reports contain untrue statements of material fact and omit material information necessary to make the reports not misleading.

**XIV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Liu is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

**XV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Liu shall reimburse CSKI in the amount of $17,678 pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7243(a). Liu shall make this payment within 14 days after entry of this Final Judgment. Liu shall promptly transmit, or cause to be promptly transmitted, photocopies of proof of payment to the SEC's counsel in this action. By making this payment, Liu relinquishes all legal and equitable right, title,

and interest in such funds and no part of the funds shall be returned to Liu.

**XVI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that CSKI shall pay a civil penalty in the amount of $9,550,000 and Liu shall pay a civil penalty of $422,559 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). CSKI and Liu shall make these payments within 14 days after entry of this Final Judgment.

CSKI and Liu may transmit payments electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. CSKI and Liu may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; CSKI or Liu as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

CSKI and Liu shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making these payments, CSKI and Liu relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to CSKI or Liu. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury. CSKI and Liu shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

///

**XVII.**

IT IS HEREBY FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: March 3, 2015

HON. MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE